## M'GUIRE *vs.* MEAD.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

A constitutional law which prohibits or takes away certain privileges and rights previously granted, or limits their exercise, causes *damnum absque injuria*; but if the law is unconstitutional, it can have no effect, and causes neither damage nor injury.

Legal interest does not run on a note given for a lottery privilege, from its maturity, when it is not protested; but only from judicial demand.

This is an action on a promissory note, executed by the defendant and another person to the plaintiff, as agent of the

Free School Lottery, in the parish of Ouachita, for the sum of two thousand dollars, payable on the first day of January, 1834.

The defendant admitted the execution of the note, but averred that the consideration had failed, in consequence of which he was not bound to pay it.

He further averred, that said note was executed the 11th January, 1833, and payable the first of the January following, to the manager of the Ouachita Free School Lottery, for the privilege and right to draw said lottery; and that on the 1st of April, 1833, the legislature passed an act, prohibiting the drawing of said lottery, which rendered the obligation created by said note, null and void.

Upon these pleadings the parties went to trial. The evidence showed, that in the year 1828, the legislature passed an act, granting the privilege to the administrators of the Free Schools in the parish of Ouachita, to raise the sum of twenty-five thousand dollars by lottery. The managers appointed R. F. M'Guire their agent, to carry the lottery into effect. In January, 1833, the sum of money required not being raised, the agent sold out the right and privilege of the managers in said lottery to the defendant, who, with another, executed their promissory notes, including the one in suit, for the price of this privilege. The same year the legislature passed a law, declaring, " that the privilege of drawing lotteries, *heretofore granted*, should expire on the first of January, 1834," and making it highly penal for any person to sell lottery tickets within the state, thereafter.

The defendant refused to pay his notes, because of this privilege, for which he gave them, being taken away.

The parish judge was of opinion, the legislature had the right to pass the prohibitory law in question, and rendered judgment against the defendant for the amount of the note. The latter appealed.

*J. Slidell,* for the plaintiff.

*Hennen,* contra.

*Martin, J.*, delivered the opinion of the court.

Eastern Dist.
*April,* 1836.

M'GUIRE
*vs.*
MEAD.

The defendant being sued on his promissory note, opposed the plea of failure of the consideration for which it was given. Judgment having been rendered against him, he has appealed to this court.

The defence set up, by which the consideration of the note is impeached, is as follows: The legislature authorised a lottery to be drawn, for the purpose of raising funds to support a free school in the parish of Ouachita. The act provided for selling out the right to draw the lottery, on the vendee's paying certain sums for the privilege. This right to the benefit of the lottery in question was sold to the defendant, who executed the note sued on to the plaintiff, as agent of the lottery, for the price of the purchase.

Three months after this transaction, the legislature of Louisiana passed a law, limiting the exercise of the right of raising money by lottery, even to those to whom the privilege had previously been granted, to the current year, (1833,) and prohibiting, under heavy penalties, the sale of any lottery ticket within the state, after the first day of January, 1834.

The defendant contends, that the last act of the legislature destroyed the right he purchased, or that it was materially injured thereby, and the consideration of the note given as the price, having failed in consequence of these acts, he is not bound to pay it.

The parish judge who tried the cause, was of opinion, that the decision of the case turned upon a legal or rather constitutional point, *i. e.*, the constitutionality of the repealing act, which prohibits all lotteries in Louisiana, so far as respects privileges granted, and rights vested under them.

This court is of opinion, that the present case does not require a judicial decision, involving the constitutionality of the legislative enactment in question. We hold all our legal rights subject to the constitutional action of the legislative department; and the constitution of Louisiana contains an express declaration, that they cannot be affected or

A constitutional law which prohibits or takes away certain pri-

40

EASTERN DIST. impaired by it, while acting within the sphere of its
*April,* 1836. constitutional powers.

ST. VICTOR    If the prohibition or restriction contained in the act of the
*vs.*
DAUBERT. legislature, taking away this right to sell lottery tickets, is

vileges    and supported by the constitution, it caused *damnum absque*
rights previous-
ly granted, or *injuria;* if unconstitutional it had no effect, and caused
limits their ex-
ercise,    causes neither damage nor injury.
*damnum absque*
*injuria;* but if    It appears to us, however, that the Parish Court has
the law is un-
constitutional, it committed an error in allowing interest from the maturity
can have no ef-
fect, and causes of the note, which does not appear to have been protested
neither damage
nor injury. for non-payment.

Legal interest    It is, therefore, ordered, adjudged and decreed, that the
does not run on
a note given for judgment of the Parish Court be annulled, avoided and
a lottery privi-
lege, from its reversed, and that the plaintiff recover from the defendant
maturity, when
it is not protest- the sum of two thousand dollars, with legal interest from
ed; but only judicial demand, until paid, with costs in the Parish Court;
from judicial de-
mand. and that he pay the costs of the appeal.